**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 98-7713**

---

ROBERT LEE CHESSON,

Plaintiff - Appellant,

versus

FRANK DAVIS, Officer, Washington City Sheriff
Department; KEVIN SAWYER, Officer, Washington
City Sheriff Department,

Defendants - Appellees,

and

RONALD MCKINLEY, Officer, Washington City Po-
lice Department,

Defendant.

---

Appeal from the United States District Court for the Eastern Dis-
trict of North Carolina, at Raleigh. Alexander B. Denson, Magis-
trate Judge. (CA-96-107-CT-DE-5)

---

Submitted: February 11, 1999        Decided: February 25, 1999

---

Before ERVIN, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert Lee Chesson, Appellant Pro Se.  Keith David Burns, FAISON & GILLESPIE, Durham, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Lee Chesson appeals the magistrate judge's order granting judgment as a matter of law in favor of the Defendants following a jury verdict in his trial on an excessive force claim under 42 U.S.C.A. § 1983 (West Supp. 1998).[1] We have reviewed the record and the magistrate judge's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the magistrate judge. See <u>Chesson v. Davis</u>, No. CA-96-107-CT-DE-5 (E.D.N.C. Oct. 30, 1998).[2] We deny Appellant's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[1] The parties consented to have the case heard by a magistrate judge pursuant to 18 U.S.C. § 636(c) (1994).

[2] Although the district court's order is marked as "filed" on October 28, 1998, the district court's records show that it was entered on the docket sheet on October 30, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).