**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 97-6211**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID LEWIS OUTLAW,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. MacKenzie, Senior District Judge.  (CR-95-3, CA-96-776-2)

─────────

Submitted:  January 12, 1999        Decided:  March 9, 1999

─────────

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

─────────

Dismissed by unpublished per curiam opinion.

─────────

David Lewis Outlaw, Appellant Pro Se.  William David Muhr, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Outlaw seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and denying his motion for reconsideration. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Outlaw, Nos. CR-95-3; CA-96-776-2 (E.D. Va. Dec. 12, 1996; Jan. 16, 1997).[*] We agree with the district court that during the Fed. R. Crim. P. 11 hearing the court sufficiently apprised Outlaw of the essential elements of the "carrying" prong of 18 U.S.C.A. § 924(c)(1) (West 1976 & Supp. 1998), and that the government presented a sufficient factual basis for Outlaw's guilty plea to that offense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as filed on December 10, 1996, the district court's records show that it was entered on the docket sheet on December 12, 1996. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2