**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID CHARLES GROSS,
Plaintiff-Appellant,

v.

No. 98-2296

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Lacy H. Thornburg, District Judge.
(CA-95-89-5-T)

Submitted: March 31, 1999

Decided: May 17, 1999

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dianne Upson, Todd, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Joseph L. Brinkley, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Charles Gross appeals the district court's order finding that substantial evidence supported the decision of the Commissioner of Social Security that he was not entitled to supplemental security income (SSI) benefits. We affirm.

Gross, who was born in 1961 and has a twelfth-grade education but no relevant work experience, applied for benefits alleging that he was disabled due to a learning disability. The ALJ found that the learning disability limited Gross to light work with additional restrictions. A vocational expert (VE) testified that significant numbers of jobs that Gross could perform existed in the North Carolina economy. On this basis, the ALJ determined that Gross was not disabled for SSI purposes. The Appeals Council upheld this decision, which became the final decision of the Commissioner. The district court found that the Commissioner's decision was supported by substantial evidence. This appeal followed.

Our review is limited to determining whether substantial evidence supports the Commissioner's decision and whether the correct law was applied. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Perales , 402 U.S. at 401 (internal quotations omitted). Gross claims on appeal that: (1) his impairment met the requirements of 20 C.F.R. Part 404, Subpart P, App. 1 § 12.08 (1998); (2) the hypotheticals posed to the VE did not accurately reflect his limitations; and (3) the ALJ did not adequately consider the evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the issues raised on appeal are without merit, substantial evidence supports the Commissioner's decision, and the correct law was applied. Accordingly, we affirm on the reasoning of the district court. See Gross v. Apfel, No. CA-95-89-5-T (W.D.N.C. Aug. 3, 1998).* We dispense with oral argument because

_____
*Although the district court's order is marked as "filed" on July 28, 1998, the district court's records show that it was entered on the docket

2

the facts and legal contentions are fully presented in the materials
before us and argument would not aid the decisional process.

AFFIRMED

_____
sheet on August 3, 1998. Pursuant to Rules 58 and 79(a) of the Federal
Rules of Civil Procedure, it is the date that the order was physically
entered on the docket sheet that we take as the effective date of the dis-
trict court's decision. Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th
Cir. 1986).

3