**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-6243**

_____

QUENTIN MCLEAN,

Plaintiff - Appellant,

versus

DOCTOR CLAY, in her individual and official
capacity, as Doctor of Arlington County Deten-
tion Facility; DOCTOR TIEN, in his individual
and official capacity as Doctor of the Virgin-
ia Department of Corrections, Powhatan Recep-
tion and Classification Center; TRACEY MARKS,
in her individual and official capacity as
Head Nurse of the Virginia Department of
Corrections, Powhatan Reception and Classifi-
cation Center; JOHN & JANE DOE, that have not
been indicated are unknown to plaintiff at
this time but reserve the right to amend this
suit to include those persons indicated as
John and Jane Does when plaintiff becomes
aware of their capacities,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Norfolk. Robert G. Doumar, Senior District
Judge. (CA-97-876-2)

_____

Submitted: April 27, 1999        Decided: May 21, 1999

_____

Before ERVIN, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

Quentin McLean, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Quentin McLean appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 1998) complaint. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See McLean v. Clay, No. CA-97-876-2 (E.D. Va. Jan. 22, 1999[*]). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's judgment or order is marked as "filed" on January 15, 1999, the district court's records show that it was entered on the docket sheet on January 22, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).