**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-6041**

———————

CLARENCE A. MOYLER,

                    Petitioner - Appellant,

    versus

FRED W. GREENE, Warden,

                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CA-98-234)

———————

Submitted: May 28, 1999        Decided: June 24, 1999

———————

Before MURNAGHAN, NIEMEYER, and MICHAEL, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Clarence A. Moyler, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clarence A. Moyler seeks to appeal the district court's order dismissing as untimely his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. We note that the earliest date on which we can consider Moyler's § 2254 petition to have been properly filed is February 2, 1998, the date he signed it, because that is the earliest date on which he could have delivered it to prison officials for mailing. See generally Houston v. Lack, 487 U.S. 266 (1988). Nevertheless, it was not filed within the one-year limitations period prescribed by 28 U.S.C.A. § 2244(d) (West Supp. 1999). Even giving Moyler the benefit of every doubt after reviewing his often contradictory pleadings, we conclude that the one-year limitations period expired no later than October 2, 1997, well before he attempted to file any challenge to his conviction in federal court. Accordingly, we deny Moyler's motion for a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. See Moyler v. Greene, No. CA-98-234 (E.D. Va. Dec. 7, 1998).[*] We

---

[*] Although the district court's order is marked as "filed" on December 4, 1998, the district court's records show that it was entered on the docket sheet on December 7, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED