**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-1101**

———————

In Re: JOHN WESLEY WINTERS, JR.,

Debtor.

_____

JOHN WESLEY WINTERS, JR.,

Debtor - Appellant.

———————

**No. 99-1103**

———————

In Re: JOHN WESLEY WINTERS, JR.,

Debtor.

_____

JOHN WESLEY WINTERS, JR.,

Debtor - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge. (CA-98-609-5-BO, BK-97-1616-5-ATS, CA-98-24-5-BO)

———————

Submitted:  June 22, 1999          Decided:  July 19, 1999

———————

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

John Wesley Winters, Jr., Appellant Pro Se.

————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Wesley Winters, Jr., appeals the district court's orders affirming the bankruptcy court's determination that Winters must pay the filing fees and denying his motion for stay pending appeal (No. 99-1101), and denying as moot Winters' motions for stay of foreclosure pending appeal (No. 99-1103). We have reviewed the records on appeal and the district court's opinions and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See In re: Winters, No. CA-98-609-5-BO (E.D.N.C. Dec. 22, 1998); In re: Winters, No. CA-98-24-5-BO (E.D.N.C. Jan. 12, 1999*). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

* Although the district court's order is marked as "filed" on January 11, 1999, the district court's records show that it was entered on the docket sheet on January 12, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3