**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 99-1522**

───────────

ARTHUR E. MARCINKOWSKY, a West Virginia Resident,

Plaintiff - Appellant,

versus

UNION CARBIDE CORPORATION, a New York Corporation,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, District Judge.  (CA-96-2092-2)

───────────

Submitted:  July 22, 1999          Decided:  July 27, 1999

───────────

Before ERVIN, HAMILTON, and TRAXLER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Arthur E. Marcinkowsky, Appellant Pro Se.  Roger Allen Wolfe, Kelley Lyn Mount, JACKSON & KELLY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Arthur Marcinkowsky appeals the district court's order awarding his former employer, Union Carbide Corporation, summary judgment on his claim that Union Carbide breached a contractual obligation to give him a check for the sum of $100,000. He further appeals the district court order entering judgment in favor of Union Carbide on his claims that Union Carbide breached its contractual obligations to post a notice and to report layoffs and reductions in force. We have reviewed the claims Marcinkowsky raises on appeal along with the record and the district court's orders and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Marcinkowsky v. Union Carbide Corp., No. CA-96-2092-2 (S.D.W. Va. Dec. 31, 1997 & Mar. 31, 1999[*]). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as "entered" on March 30, 1999, the district court's records show that it was entered on the docket on March 31, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket that we take as the effective date of the district court's decision. Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).