**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 99-6369**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARRIEM ALI AKRAM, a/k/a Vincent N. Johnson,
a/k/a Kareem,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. John T. Copenhaver, Jr.,
District Judge. (CR-91-211, CA-97-403)

Submitted: August 19, 1999          Decided: August 30, 1999

Before WIDENER and KING,* Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

---

* Judge King did not participate in consideration of this
case. The opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) (1994).

Karriem Ali Akram, Appellant Pro Se.  Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Karriem Ali Akram appeals from the district court's orders dismissing his 28 U.S.C.A. § 2255 (West Supp. 1999) motion for failure to obtain authorization from this court pursuant to 28 U.S.C.A. § 2244 (West 1994 & Supp. 1999), and denying his request for a certificate of appealability. We have reviewed the record and the district court's orders and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See <u>United States v. Akram</u>, Nos. CR-91-211; CA-97-403 (S.D.W. Va. Aug. 13, 1998 & Feb. 23, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is dated February 22, 1999, the district court's records show that it was entered on the docket sheet on February 23, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).