Albert L. WILSON, Appellant,

v.

Edward MURRAY, Director of the Virginia Department of Corrections, Appellee.

No. 85–6462.

United States Court of Appeals, Fourth Circuit.

Argued July 18, 1986.

Decided Dec. 15, 1986.

Martin J. Barrington (Donald L. Creach, Hunton & Williams, Richmond, Va., on brief), for appellant.

Frank S. Ferguson, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen. of Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Albert L. Wilson appeals from dismissal of his petition for *habeas corpus* under 28 U.S.C. § 2254. In his petition, Wilson challenged the admission in his state criminal trial of a statement elicited by the police from him after he had requested a lawyer at an arraignment proceeding. Wilson argues that the police initiated further discussions after his request for an attorney, in violation of his Fifth Amendment and Sixth Amendment rights to counsel, and that the statement should have been suppressed. The government, in addition to contesting the merits, argues that the appeal is untimely. We reverse the decision of the district court and grant the writ.

Sought for participation in a burglary that resulted in the death of one of two elderly sisters, Wilson was arrested pursuant to a warrant charging robbery, burglary, murder and abduction. After Wilson's arrest, the police attempted to interrogate him. When provided with a legal rights form, Wilson indicated that he understood his rights, including his right to refuse to answer questions and his right to an attorney, but declined to waive any of these rights.

The next day, Wilson was taken to General District Court for arraignment. At the arraignment, Wilson indicated his intention to obtain counsel of his choice. After arraignment, Wilson was returned to jail.

On the day following his arraignment, but before Wilson had made arrangements for representation, the police sought out Wilson in his cell for further discussions. It is undisputed that Wilson did not request the contact and that the police initiated it. Wilson was brought from his cell and confronted with a co-defendant, Vernon Sessoms, and was told that Sessoms had given a statement. Appellant claims that Detective Hemenway, the officer in charge, admitted to arranging the confrontation in order to prompt a confession, though the transcript of Hemenway's testimony on the point is not so unequivocal. In any event, Wilson gave a statement in which he admitted to recovering goods from the house.

At trial, Wilson pleaded not guilty. His confession was introduced at trial, after a hearing on his motion to suppress. The trial judge found that Wilson did not request an attorney during either of his interrogation sessions with the police. He found further that the second interrogation was initiated by the police, but that the statement was voluntarily given. Wilson testified at the suppression hearing that he had requested counsel during his arraignment and the Commonwealth did not dispute this. The trial judge did not make a determination regarding Wilson's request for counsel at arraignment.

In addition to the confession, testimony from a co-defendant linked Wilson with the crimes. The jury found him guilty on robbery and burglary charges, but acquitted him on charges of murder and abduction. Wilson was sentenced to imprisonment for life plus twenty years.

After exhausting his state appellate remedies, Wilson filed a petition for *habeas corpus* in the United States District Court for the Eastern District of Virginia. The district court referred the petition to a magistrate; in accordance with the magistrate's report, the claim was dismissed.

 Turning to the merits of petitioner's appeal, as a threshold matter we must consider the Commonwealth's contention that Wilson filed his notice of appeal late, divesting this court of jurisdiction over the case. A notice of appeal must be filed within thirty days of entry of judgment. Fed.R.App.Proc. 4(a)(1). Entry of judgment consists of two steps: creation of a document setting out the judgment and a notation of the document on the docket sheet. Fed.R.Civ.Proc. 58, 79(a). The thirty day period does not begin to run until after the document is entered on the docket sheet. *Berman v. Schweiker*, 713 F.2d 1290, 1293 n. 8 (7th Cir.1983). Though the point is not beyond debate, the record on appeal shows that the appeal was timely. The district court's judgment was dated May 10, 1985. A stamp on the face of the judgment reads "FILED MAY 13, 1985."

The docket sheet records filing of the order and judgment on May 13, 1985, though the judgment itself is dated May 10, 1985 in the docket notation. Wilson filed his notice of appeal on June 12, 1985. We conclude that the docket sheet date indicates that entry of judgment was completed on May 13, and that the appeal, filed on June 12, was timely. We therefore exercise jurisdiction over the appeal.

■ Turning to the substance of the appeal, this case presents an instance in which the police returned to interrogate a defendant after he had requested counsel at his arraignment. The Commonwealth does not deny that Wilson stated that he wanted to obtain his own attorney during his initial court appearance. It argues instead that Wilson's statements at the arraignment did not constitute an assertion of the right to counsel. The Commonwealth suggests that the defendant's statement indicating a desire to select his own counsel is somehow different than an assertion of the right to counsel. This rather strained argument cannot be reconciled with the Supreme Court's decision in *Michigan v. Jackson*, —— U.S. ——, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), where the Court rejected a similar argument and indicated that defendants' requests for counsel should be construed broadly. We agree that an uncounseled prisoner, untutored in law, cannot be stripped of his constitutional rights because of such technicalities. A defendant's statement that he intends to arrange representation is equivalent to a request for an attorney. Thus, Wilson's asking for an opportunity to arrange representation at arraignment must be understood as a demand to speak through an attorney at all subsequent stages of the prosecution.

In passing on Wilson's petition for *habeas corpus*, the district court addressed only the issue of whether Wilson's statement was voluntary. The district court relied on the state court's finding of voluntariness, and the limited range of federal review of such findings in a *habeas* proceeding, 28 U.S.C. § 2254(d), to find that the state court's determination of voluntariness was presumptively correct. *See Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). The district court did not consider whether the interrogation of Wilson after his request for counsel at arraignment violated his constitutional right to counsel.

The voluntariness of the statement is not the only issue in a Fifth Amendment right to counsel case. As the Supreme Court instructed in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), "the voluntariness of a consent or an admission on the one hand, and a knowing and intelligent waiver on the other, are discrete inquiries." 451 U.S. at 484, 101 S.Ct. at 1884. Recently, in *Moran v. Burbine*, —— U.S. ——, 106 S.Ct. 1135, 89 L.Ed.2d 410 (March 10, 1986), the Court reiterated its view that the absence of coercion is a distinct issue from an understanding and intelligent waiver of constitutional rights. Wilson's statement may very well have been voluntary (that is, uncoerced) and yet given without a knowing and intelligent waiver of his Fifth and Sixth Amendment rights to counsel.

It is clear that the trial court did issue a determination with respect to one dimension of petitioner's decision to confess, in ruling that the confession was voluntary. But it is uncertain from the record before us, what, if any, findings of fact the court made regarding waiver, and whether the correct constitutional standard was applied. If the only question presented for this Court's review was whether the trial court had applied the correct constitutional standard in evaluating petitioner's understanding of his decision to confess, that issue alone would be a sufficient basis to remand the case to the district court or reverse. *See Smith v. Estelle*, 711 F.2d 677 (5th Cir.1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984); *Fuller v. Luther*, 575 F.2d 1098 (4th Cir. 1978); *Pierce v. Caldwell*, 572 F.2d 1339 (9th Cir.1978).

■ But far more significant to this appeal is that the trial judge never ruled

upon, and did not acknowledge the import of, the undisputed evidence indicating that the petitioner requested an attorney at his arraignment. The request for an attorney goes to the question of whether defendant subsequently waived his right to counsel, an investigation which the trial court did not embark upon in determining that Wilson was not coerced to confess. Compounding this omission is the rule that the existence of a waiver of the right to counsel after a request for counsel has been made is evaluated according to a far more rigorous test than other waivers. Because the record clearly indicates that petitioner did make a request for counsel,[1] we must consider the legal implications of that fact.[2]

■ The decision in *Miranda v. Arizona*, 384 U.S. 436, 445, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), makes clear that an accused has a right, grounded in the Fifth Amendment and applied to the states by the Fourteenth Amendment, to have counsel present during custodial interrogation. *See also Solem v. Stumes*, 465 U.S. 638, 641, 104 S.Ct. 1338, 1340, 79 L.Ed.2d 579 (1984). Of course, once an accused has asked for counsel, he can thereafter waive the right at a later point and submit to interrogation. *North Carolina v. Butler*, 441 U.S. 369, 372–76, 99 S.Ct. 1755, 1756–59, 60 L.Ed.2d 286 (1979).

■ The right to counsel at post-arraignment, custodial interrogation has another source, the Sixth Amendment. *Michigan v. Jackson*, —— U.S. ——, 106 S.Ct. 1404, 1402, 89 L.Ed.2d 631 (1986). The Sixth Amendment provides a separate guarantee of assistance of counsel after arraignment, since arraignment "signals the initiation of adversary judicial proceedings." *United*

1. Petitioner testified during the suppression hearing that he had requested an attorney at his arraignment and this was uncontradicted. Indeed, in the course of the suppression hearing, the prosecution conceded that the request had been made. JA–86. In addition, the prosecution appears to concede this fact in their brief to this court, apparently trying to distinguish it from an assertion of the *right* to counsel. Brief of Appellee at 4, 9. It is evident from the trial court's remarks in ruling on the motion to suppress that the court did not focus on the fact that the defendant had invoked his right to counsel at arraignment. Instead, in reaching its decision the court apparently relied on its finding that defendant did not assert his right to counsel in the course of either of the two police interrogations. Thus, the court neither fully considered the significance of petitioner's arraignment request, nor ruled on it. In addition, if the trial Court had found that Wilson did not request counsel at arraignment that ruling would not have been fairly supported by the record in view of petitioner's testimony and the Commonwealth's concessions. *See* 28 U.S.C. § 2254(d)(8).

2. Because the merits of the factual disputes of significance in this *habeas corpus* proceeding were not resolved in the state hearing, we are not overstepping the boundaries of deference which Federal Courts must observe in reviewing, in the context of *habeas corpus* proceedings, the factual findings of state trial courts. *See* 28 U.S.C. § 2254(d); *Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982).

The distinction between waiver and voluntariness does raise the question of whether the waiver issue was litigated in state court and thus whether it is properly before us. Wilson raised the waiver issue in his objections to the magistrate's report, though the issue of waiver was not specifically addressed by the state courts and the order of the district court dismissing the petition focused on the voluntariness issue. However, in *Edwards*, the Supreme Court corrected a state court decision which considered only voluntariness and did not address waiver. 451 U.S. at 483–84, 101 S.Ct. at 1884. On review of a petition for *habeas corpus*, the federal courts may not apply the plain error rule in Fed.R.Crim.Pro. 52(b), but are bound to the stricter standard of "cause and actual prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 89, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977). The instant case falls somewhere between *Wainwright* and the average *habeas* case. Wilson objected at trial to introduction of the confession, and a suppression hearing was held. The issue of voluntariness predominated; even though voluntariness and waiver are formally discrete inquiries, they are sufficiently related to warrant our considering Wilson's appeal. In any event, the state's conduct in the instant case so blatantly violated the rule laid down in *Edwards* that it satisfies the cause and actual prejudice standard of *Wainwright*. *See Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982) ("[A] plain error standard is unnecessary to correct miscarriages of justice. The terms 'cause' and 'actual prejudice' are not rigid concepts; they take their meaning from the principles of comity and finality.... In appropriate cases, those principles must yield to the imperative of correcting a fundamentally unjust incarceration.").

*States v. Gouveia,* 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). Any effort by the government to elicit information from the accused, after the judicial machinery has been invoked, constitutes a "critical stage" of the criminal process, in which the accused has a right to counsel. *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). If anything, interrogation of a defendant once counsel has been requested at an arraignment is subject to even stricter constitutional constraints than simple custodial interrogation. *Jackson,* 106 S.Ct. at 1408; *United States v. Clements,* 713 F.2d 1030, 1034 (4th Cir.1983).

The Supreme Court has made it quite clear that, absent a knowing, intelligent and voluntary waiver of the right to counsel, an accused, once he has requested counsel, must be left alone by the police until he has had the opportunity to consult with counsel. In *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court constructed a prophylactic rule of considerable impermeability:

> We now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his right.... [A]n accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has

been made available to him, unless the accused himself initiates further communication, exchanges, or conversation with police.

451 U.S. at 485, 101 S.Ct. at 1885.[3] *See also Rhode Island v. Innis,* 446 U.S. 291, 298, 100 S.Ct. 1682, 1688, 64 L.Ed.2d 297 (1980). The Court went on to describe the test for determining when a waiver has occurred. Waiver occurs when an individual makes a knowing and intelligent relinquishment or abandonment of a known right or privilege. *Edwards,* 451 U.S. at 482, 101 S.Ct. at 1883. Whether waiver has occurred is to be determined on a case-by-case basis, considering the "particular facts and circumstances surrounding [each] case, including the background, experience and conduct of the accused." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

Recently, the Supreme Court has created an even stricter rule in addressing the issue of waiver of the right to counsel when counsel is requested after the defendant is formally charged with an offense. In *Michigan v. Jackson,* — U.S. —, 106 S.Ct. 1404, 1411, 89 L.Ed.2d 631 (1986), the Court held that if the police initiate interrogation after a defendant's assertion of his right to counsel at an arraignment, "any waiver of the defendant's right of counsel for that police-initiated interrogation is invalid." Based on both the Fifth and Sixth Amendments, the rule creates a binding presumption, in effect displacing the case-by-case analysis set out in *Edwards* for determining whether a waiver has, in fact, occurred. *Cf. Edwards,* 451 U.S. at 485 n. 9, 101 S.Ct. at 1885 n. 9 (waiver must be knowing and intelligent, when considered under the totality of circumstances).

**3.** *Edwards* is a case rather close on the facts to the present case. Edwards was arrested and charged with, among other things, first degree murder. On the first day of incarceration the police read him his rights and he agreed to submit to questioning. He made a statement denying culpability. Later he stated that he wanted to "make a deal," but that he would not do so until he could talk to a lawyer. Questioning ceased at that point. The next day, how-

ever, police returned to question Edwards, who declined to see the officers. The officers saw him anyway, and talked to him about a statement by a co-defendant. Edwards *agreed to* give a statement, and inculpated himself. Later, he attempted to suppress the statement at trial, and was rebuffed. The Supreme Court, on writ of *certiorari,* reversed the conviction. 451 U.S. at 477, 101 S.Ct. at 1880.

■ This case falls squarely within the rule of *Michigan v. Jackson*. Petitioner asserted his right to counsel at arraignment, but before he could consult with his attorney, police initiated an interrogation and obtained a statement from him. Even if his statement was voluntary, in the sense that word is normally used, it was obtained in contravention of the bright line rule of *Michigan v. Jackson:* Once the right to counsel is invoked at arraignment, subsequent waiver is invalid.

■ The district court found, and the Commonwealth argues on appeal, that the error, if any, was harmless, because of the weight of other evidence in the case. Under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the government bears the burden of proving beyond a reasonable doubt that evidence admitted under constitutional error was harmless. Apart from his confession, the Commonwealth's primary evidence against Wilson was testimony by a co-defendant which identified Wilson as one of five who broke into the house, and later split the proceeds. Also, the surviving victim identified Wilson as someone she recognized from the neighborhood. On the whole, Wilson was tried with several co-defendants, and the evidence regarding the brutality and extent of the crime was apparently graphic and complete. The evidence tying Wilson to the crime, however, was not overwhelming and the confession undoubtedly had a substantial effect on his conviction. *Cf. Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (admission of confession taken in violation of defendant's due process rights held reversible error despite other substantial evidence of guilt); *Arthur v. Bordenkircher,* 715 F.2d 118 (4th Cir.1983) ("Examples of error that cannot be harmless include the admission of a coerced confession, denial of counsel or lack of an impartial judge, or appeal to racial prejudice."). The error in admitting the confession could hardly be characterized as harmless.

To conclude, we hold that the appeal was timely and that the Commonwealth violated Wilson's Fifth Amendment right to counsel during interrogation, and Sixth Amendment right to counsel at a "critical stage" of the prosecution, by reinitiating discussions with Wilson after he had requested at arraignment the opportunity to consult with an attorney. Admission of the resultant statement was prejudicial and the writ of *habeas corpus* should issue, though Wilson is subject to re-trial by the Commonwealth within a reasonable time.

REVERSED.