**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 98-7674

———————

WARREN CHASE,

Plaintiff - Appellant,

versus

JACK KAVANAUGH, Warden,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Catherine C. Blake, District Judge. (CA-
98-2265-CCB)

———————

Submitted: February 11, 1999      Decided: February 25, 1999

———————

Before ERVIN, NIEMEYER, and TRAXLER, Circuit Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

———————

Warren Chase, Appellant Pro Se. John Joseph Curran, Jr., Attorney
General, Angela Michelle Eaves, Assistant Attorney General, Balti-
more, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Warren Chase appeals an order denying his motion to amend the complaint and denying his motion seeking injunctive relief. Insofar as Chase appeals the denial of the motion to amend the complaint, we dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). An order denying a motion to amend the complaint is neither a final order nor an appealable interlocutory or collateral order.

Insofar as Chase appeals the denial of injunctive relief, we have reviewed the record and the district court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Chase v. Kavanaugh, CA-98-2265-CCB (D. Md. Oct. 30, 1998).*

We deny Chase's motion for a temporary restraining order. We dismiss the appeal in part and affirm in part. We dispense with

---

* Although the district court's order is marked as "filed" on October 29, 1998, the district court's records show that it was entered on the docket sheet on October 30, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART, AFFIRMED IN PART</u>