**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT OWENS, JR.,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 98-2470

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
William B. Traxler, Jr., District Judge;
E. S. Swearingen, Magistrate Judge.
(CA-97-1922-5-21JI)

Submitted: April 30, 1999

Decided: May 25, 1999

Before HAMILTON, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William T. Toal, Columbia, South Carolina, for Appellant. Frank W.
Hunger, Assistant Attorney General, J. Rene Josey, United States
Attorney, John Berkley Grimball, Assistant United States Attorney,
Deana R. Ertl-Lombardi, Chief Counsel, Rebion VIII, Thomas H.
Kraus, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Owens appeals the magistrate judge's orders upholding the decision of the Commissioner of Social Security denying Owens' applications for disability insurance benefits and supplemental security income and denying his motion for reconsideration. We affirm.

Owens was born on September 1, 1942, has a high school education, and has past relevant work experience as a truck driver, wrecker operator, and van driver. He applied for benefits in 1992, alleging that he became disabled in June 1989 because of back, neck, and leg problems, diabetes, and hypertension. Following the denial of his applications initially and on reconsideration, an ALJ conducted a hearing on Owens' claims. The ALJ found that Owens' impairments were not as severe as claimed, that he remained capable of performing medium work, and that he could perform his past relevant work. The Appeals Council affirmed this decision, which became the final decision of the Commissioner. Acting pursuant to the parties' consent, see 28 U.S.C. § 636(c) (1994), the magistrate judge upheld the Commissioner's final decision. Owens timely appealed.

We must determine whether the Commissioner's findings are supported by substantial evidence, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and whether the correct law was applied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal quotations and citation omitted). Owens contends that substantial evidence does not support the Commissioner's decision. Specifically, Owens argues that the ALJ erred when he found that Owens' pain was not as severe as claimed and when he discredited the opinion of Owens' treating physician that Owens was totally disabled from performing any work.

2

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the magistrate judge correctly found that the Commissioner's decision denying benefits is based on substantial evidence. Accordingly, we affirm on the reasoning of the magistrate judge. See Owens v. Apfel, No. CA-97-1922-5-21JI (D.S.C. July 17 and Sept. 4, 1998).*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Although the district court's judgment or order is marked as "filed" on July 17, 1998, the district court's records show that it was entered on the docket sheet on July 20, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray , 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3