**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-6007**

─────────────

MARK K. HYLTON,

                              Petitioner - Appellant,

        versus

RONALD ANGELONE,

                              Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, District Judge. (CA-98-329)

─────────────

Submitted:  May 25, 1999              Decided:  June 1, 1999

─────────────

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Mark K. Hylton, Appellant Pro Se. Kathleen B. Martin, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark K. Hylton seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal substantially on the reasoning of the district court. See Hylton v. Angelone, No. CA-98-329 (W.D. Va. Dec. 10, 1998).[*] We note that, to the extent that Hylton raises an ineffective assistance of counsel claim as cause for procedurally defaulting on the claim that the prosecutor had a conflict of interest, we find the ineffective assistance claim meritless. We deny Hylton's motion for a transcript at government expense and his motion for judgment. We deny his motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "entered" on December 9, 1998, the district court's records show that it was actually entered on the docket sheet on December 10, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2