**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-1647**

———————

In Re: MUZIO B. ROBERTO and MARY K. ROBERTO,

                                                    Debtors.

——————————————————

MUZIO B. ROBERTO; MARY K. ROBERTO,

                                        Debtors - Appellants,

        versus

JOSEPH NAPOLI; MARION NAPOLI,

                                        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CA-
98-2831-DKC, BK-98-12440, AP-98-1A445)

———————

Submitted:  July 8, 1999          Decided:  July 14, 1999

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Muzio B. Roberto, Mary K. Roberto, Appellants Pro Se.  Matthew
Wilson Black, Jr., HEENEY, ARMSTRONG & HEENEY, Rockville, Maryland,
for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Muzio and Mary Roberto appeal from the district court's order dismissing their appeal from the bankruptcy court's orders granting the Napolis' motion for relief from automatic stay. Our review of the record and the opinions below discloses no reversible error. Accordingly, we affirm on the reasoning of the district court.[1] See Roberto v. Napoli, Nos. CA-98-2831-DKC; BK-98-12440 (D. Md. Apr. 19, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] We deny the Napolis' motion for summary affirmance, motion for sanctions, and motion to consolidate.

[2] Although the district court's order is marked as "filed" on April 8, 1999, the district court's records show that it was entered on the docket sheet on April 19, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).