**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 99-1347

———————————

HENRY R. CRANE,

Plaintiff - Appellant,

versus

THE GUARDIAN LIFE INSURANCE COMPANY OF AMER-
ICA; DOBSON-BALL & ASSOCIATES, INCORPORATED,
a North Carolina Corporation; CONSOLIDATED
PLANNING, INCORPORATED, a North Carolina
Corporation,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the Western Dis-
trict of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CA-97-552-3-MU)

———————————

Submitted:  July 30, 1999           Decided:  August 12, 1999

———————————

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Alan F. Blakley, BLAKLEY & VELK, Missoula, Montana, for Appellant.
Andrew S. O'Hara, MOORE & VAN ALLEN, P.L.L.C., Charlotte, North
Carolina; Lawrence J. Goldman, JONES, HEWSON, & WOOLARD, Charlotte,
North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Henry R. Crane appeals the district court's order granting summary judgment to the Defendants on his diversity action alleging fraud, violation of the North Carolina Unfair and Deceptive Trade Practices statute, and breach of contract. Our review of the record, the parties' briefs, and the district court's opinion discloses no reversible error. Accordingly, we affirm on the reasoning of the district court. See Crane v. The Guardian Life Ins. Co., No. CA-97-552-3-MU (W.D.N.C. Feb. 8, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's judgment order is marked as "filed" on February 5, 1999, the district court's records show that it was entered on the docket sheet on February 8, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).