**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 98-2601**

───────────

FIRST MOUNT VERNON, I.L.A.,

                                      Plaintiff - Appellant,

       versus

PRINCE GEORGE'S COUNTY, MARYLAND, A Body Cor-
porate and Politic,

                                    Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CA-
97-3190-DKC)

───────────

Submitted: April 30, 1999         Decided: September 21, 1999

───────────

Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Ronald S. Deutsch, Stephen N. Goldberg, COHN, GOLDBERG & DEUTSCH,
L.L.C., Towson, Maryland, for Appellant. Sean D. Wallace, Acting
County Attorney, Rhonda L. Weaver, Associate County Attorney, Upper
Marlboro, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

First Mount Vernon, I.L.A., appeals from the district court's order granting Prince George's County's motion to dismiss and dismissing its complaint in which it alleged that the County violated its due process rights by failing to provide notice to it prior to the demolition of property in which First Mount Vernon had acquired an interest. Because we find that Prince George's County provided adequate notice of the proceeding at the time of the commencement of the proceeding and that further additional notice to persons acquiring an interest after the commencement of the proceedings was not required here, where Prince George's County was not aware of First Mount Vernon's interest, we affirm on the reasoning of the district court. See First Mount Vernon, I.L.A. v. Prince George's County, Maryland, No. CA-97-3190-DKC (D. Md. Oct. 2, 1998);[*] see also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950) (finding notice by publication sufficient for those whose interests are contingent, future, or not likely to come to trustee's attention in normal course of business). We dispense with oral argument because the facts and legal contentions

---

[*] Although the district court's order was signed on September 28, 1998, the district court's records show that it was entered on the docket sheet on October 2, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED