**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTOPHER A. RENAHAN,
Plaintiff-Appellant,

v.

ALLEGHENY POWER SYSTEM, d/b/a

No. 99-1397

Monongahela Power Company;
SPECTRUM MEDICAL SERVICES,
INCORPORATED; UNITED STATES COAST
GUARD,
Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-98-10-1)

Submitted: July 15, 1999

Decided: September 24, 1999

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher A. Renahan, Appellant Pro Se. Edward Gerwig Kennedy,
MONONGAHELA POWER COMPANY, Fairmont, West Virginia;
Michael Eugene Hoover, DIEFENDERFER, HOOVER, BOYLE &
WOOD, Pittsburgh, Pennsylvania; Daniel W. Dickinson, Jr., OFFICE

OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher A. Renahan appeals the district court's orders dismissing the United States Coast Guard as a party and granting summary judgment in favor of the remaining Defendants. We have reviewed the record and the district court's opinion and find no reversible error. We have also considered the district court's request that the matter be remanded because of a recent discovery by the district judge that her spouse owns stock in one of the private Defendants. The United States Code provides that a judge must disqualify herself if she "knows that . . . [her] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4) (1994). Judge Keeley has acknowledged that she was unaware of her husband's financial interest at the time she disposed of the case. Accordingly, despite the district court's commendable concern, we have no difficulty concluding that the lower court's conduct cannot reasonably call her impartiality into question. See in re Cement & Concrete Antitrust Litigation, 515 F. Supp. 1076, 1081-82 (D. Az. 1981) (finding no impropriety regarding orders signed prior to court's knowledge of financial interest in party). We therefore affirm the order of the district court on the reasoning expressed below. See Renahan v. Allegheny Power Sys., No. CA-98-10-1 (N.D.W. Va. Feb. 23, 1999).* We dispense with oral argument

_____

*Although the district court's judgment or order is marked as "filed" on February 22, 1999, the district court's records show that it was entered on the docket sheet on February 23, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3