**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-1329**

———————

CHARLES MICHAEL FLOYD,

                                   Plaintiff - Appellant,

     versus

BALTIMORE COUNTY, Maryland; MICHAEL DARRELL
GAMBRILL; RICHARD WEITH, Captain; MINDA FOX-
WELL, Lieutenant; WILLIAM KELLY, JR., Major;
WILLIAM DUTY, Sergeant; ROBERT HULL, Sergeant;
TODD RASSA, in their individual capacities,

                                Defendants - Appellees,

     and

BALTIMORE COUNTY POLICE DEPARTMENT; TERRANCE
SHERIDAN; HOWARD HALL, Captain,

                                Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Andre M. Davis, District Judge. (CA-97-
206-AMD)

———————

Submitted: September 30, 1999     Decided: October 5, 1999

———————

Before NIEMEYER, WILKINS, and MICHAEL, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

Michael Allen Jeter, Esq., Randallstown, Maryland, for Appellant. Virginia Wood Barnhart, County Attorney, Paul McLane Mayhew, Gregory Edward Gaskins, Assistant County Attorneys, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Floyd appeals the district court's order granting summary judgment to the appellees on Floyd's claim alleging employ- ment discrimination and a violation of 42 U.S.C.A. § 1983 (West Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Floyd v. Baltimore County</u>, No. CA-97-206-AMD (D. Md. Feb. 25, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Although the district court's order is marked as "filed" on February 24, 1999, the district court's records show that it was entered on the docket sheet on February 25, 1999. It is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> Fed. R. Civ. P. 58 and 79(a); <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).