**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELANIE D. ALLEN,
Plaintiff-Appellant,

v.

MONTGOMERY WARD & COMPANY,
INCORPORATED; ASHEVILLE MALL,
INCORPORATED; R.B.R. & S.T., a

No. 99-1396

North Carolina Limited Partnership,
Defendants-Appellees,

and

ASHEVILLE L.L.C., a North Carolina
Limited Liability Company,
Defendant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-98-7-1-T)

Submitted: September 8, 1999

Decided: October 12, 1999

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Dungan, Ted F. Mitchell, ROBERT E. DUNGAN, P.A.,
Asheville, North Carolina, for Appellant. Allan R. Tarleton, Ashe-

ville, North Carolina; Ervin L. Ball, Jr., Asheville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melanie D. Allen appeals the district court judgment granting summary judgment to the Appellees and dismissing her civil rights complaint. Allen was detained under suspicion of shoplifting while at a Montgomery Ward department store in the Asheville Mall in Asheville, North Carolina. Allen was arrested and subsequently charged with felony shoplifting. The charges were later dismissed. Allen, a black woman, claimed that Montgomery Ward, Asheville Mall and its partner, R.B.R. & S.T., violated her rights under 42 U.S.C. §§ 1981(a), 1985(3) (1994). She also raised pendent state law claims of false imprisonment and malicious prosecution. Finding no reversible error, we affirm.

We agree with the district court that, based on the surveillance tape and observations made by security personnel, there was probable cause to detain Allen. We also agree that there was no evidence that any of the Appellees purposefully discriminated against Allen because of her race in violation of § 1981 or§ 1985(3). Because there was probable cause to detain Allen, she failed to establish that any of the Appellees are liable for false imprisonment or malicious prosecution.

Accordingly, we affirm on the reasoning of the district court. See Allen v. Montgomery Ward & Co., CA-98-7-1-T (W.D.N.C. Mar. 4, 1999).* We dispense with oral argument because the facts and legal

_____

*Although the district court's judgment is marked as"filed" on March 3, 1999, the district court's records show that it was entered on the

2

contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

<u>AFFIRMED</u>

_____

docket sheet on March 4, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3