**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHANGHAI MONTRAL FOODSTUFF
COMPANY, LIMITED,
Plaintiff-Appellee,

v.

XINHUA WANG, a/k/a William Wang,
Defendant-Appellant,                                                No. 98-1152

and

XIAOYIN FAN, a/k/a Shelly Fan;
INTERNATIONAL TECHNOLOGY TRADE
CORPORATION, d/b/a ITTC,
Defendants.

SHANGHAI MONTRAL FOODSTUFF
COMPANY, LIMITED,
Plaintiff-Appellant,

v.

XINHUA WANG, a/k/a William Wang,
Defendant-Appellee,                                                 No. 98-1198

and

XIAOYIN FAN, a/k/a Shelly Fan;
INTERNATIONAL TECHNOLOGY TRADE
CORPORATION, d/b/a ITTC,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Raymond A. Jackson, District Judge.
(CA-96-1794-A)

Submitted: November 9, 1999

Decided: December 20, 1999

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Xinhua Wang, Appellant Pro Se. Kenneth Alexander Lehman, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Xinhua "William" Wang appeals the district court's judgment after a civil jury trial finding against him and other defendants, and the district court's order denying his motion for judgment as a matter of law after the trial under Fed. R. Civ. P. 50(b). The record does not contain a transcript of the trial. The burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal is imposed upon Appellant Wang on appeal. See Fed. R. App. P. 10(b); 4th Cir. Loc. R. 10(c). Despite being advised by this court that a transcript of the trial was necessary for a full consideration of his appeal and being directed to provide a transcript or apply for in forma pauperis status so that the court could consider his eligibility for a free transcript under 28 U.S.C. § 753(f) (1994), Wang has failed to do either. By failing to

2

produce a transcript or to qualify for the production of a transcript at government expense, Wang has waived review of the issues on appeal that depend upon the transcript to show error.[1] See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Keller v. Prince George's Co., 827 F.2d 952, 954 n.1 (4th Cir. 1987). As no error appears on the record before us, we affirm the district court's order. See Shanghai Montral v. Wang, No. CA-96-1794-A (E.D. Va. Aug. 25 & Dec. 30, 1997).[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We also deny Wang's motion to "examine practice of SMF's attorney."

AFFIRMED

_____

[1] The limited transcripts provided by Wang provide an insufficient basis for this court to review the issues he raises on appeal.
[2] Although the district court's orders are marked as "filed" on August 21 & December 23, 1997, respectively, the district court's records show that they were entered on the docket sheet on August 25 & December 30, 1997. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3