**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-7489**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TREVOR LITTLE, a/k/a Tragedy, a/k/a Trag,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-95-198, CA-99-123-2)

_____

Submitted: January 31, 2000          Decided: February 22, 2000

_____

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Trevor Little, Appellant Pro Se. Michael Lee Keller, Monica Kaminski Schwartz, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Trevor Little seeks to appeal the district court's orders (1) denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999); and (2) denying his motion to alter or amend judgment filed pursuant to Fed. R. Civ. P. 59(e). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge to dismiss Little's § 2255 motion and find no reversible error. We also find that Little has failed to present any claims that would require the district court to alter or amend its judgment under Rule 59(e). See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Little, Nos. CR-95-198; CA-99-123-2 (S.D.W. Va. Sept. 30 & Oct. 14, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order denying the Rule 59 motion is marked as "filed" on October 13, 1999, the district court's records show that it was entered on the docket sheet on October 14, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).