**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-1582**

_____

R. PHILLIP DUTO,

                                                    Plaintiff - Appellant,

      versus

WESTINGHOUSE ELECTRIC CORPORATION; NORTHROP
GRUMMAN CORPORATION,

                                            Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Marvin J. Garbis, District Judge. (CA-97-
1024-MJG)

_____

Submitted: January 31, 2000          Decided: March 14, 2000

_____

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael E. Marr, Baltimore, Maryland, for Appellant. Glen D. Nager,
Thomas M. Beck, JONES, DAY, REAVIS & POGUE, Washington, D.C., for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

R. Phillip Duto appeals the district court's order granting summary judgment to Defendants in Duto's action filed under the Age Discrimination in Employment Act ("ADEA"). Duto maintains that the district court erred in finding that he did not create a genuine issue of material fact as to whether Westinghouse Electric Corporation's stated reasons for his lay off were pretextual and that the lay off was actually motivated by age discrimination. See Vaughan v. MetraHealth Cos., 145 F.3d 197, 202 (4th Cir. 1998).

We have reviewed the formal briefs, the materials submitted in the joint appendix, and the district court's thorough and well-reasoned opinion, and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Duto v. Westinghouse Electric Corp., No. CA-97-1024-MJG (D. Md. Mar. 29, 1999).[*] (J.A. at 417-59). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as "filed" on March 26, 1999, the district court's records show that it was entered on the docket sheet on March 29, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2