**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-6937**

─────────────

AHMAD CLARENCE GARLAND,

                              Plaintiff - Appellant,

        versus


WILLIAM D. CATOE, Director, of South Carolina
Department of Corrections; BENJAMIN MONT-
GOMERY, Deputy Director of Operations, South
Carolina Department of Corrections; GERALDINE
P. MIRO, Warden of Allendale Correctional
Institution; RICHARD MCCANTS, Associate Warden
ACI; BETSY ALBRITTON; RICKY GRIMES; MITCHELL
ODOM; KEN LONG; ANN HALLMAN; MITCHELL LESTER;
GEORGE DUKES; GENE SANDERS; OFFICER HEYWARD,

                              Defendants - Appellees.


─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Dennis W. Shedd, District Judge.
(CA-00-938-4-19BF)

─────────────

Submitted:  August 24, 2000        Decided:  August 31, 2000

─────────────

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Ahmad Clarence Garland, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ahmad Clarence Garland appeals the district court's order dismissing without prejudice his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Garland v. Catoe, No. CA-00-938-4-19BF (D.S.C. June 15, 2000).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as filed on June 14, 2000, the court's records show that it was entered on the docket sheet on June 15, 2000. It is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2