**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6522**

---

MICHEAL LEE SPENCER, SR., a/k/a Micheal Spencer,

                                        Petitioner - Appellant,

        versus

DAVID ROBINSON, Warden,

                                        Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CA-99-166-AM)

---

Submitted: October 12, 2000        Decided: October 20, 2000

---

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Micheal Lee Spencer, Sr., Appellant Pro Se. Matthew P. Dullaghan, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Lee Spencer, Sr., appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error.[1] Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Spencer v. Robinson, No. CA-99-166-AM (E.D. Va. Mar. 20, 2000).[2] We deny Spencer's motions for appointment of counsel and for appropriate relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

DISMISSED

---

[1] Although the district relied upon Green v. French, 143 F.3d 865 (4th Cir. 1998), cert. denied, 523 U.S. 1090 (1999), in its initial denial of Spencer's § 2254 petition, the denial of relief was also correct under the standards announced in Williams v. Taylor, ___ U.S. ___, 120 S. Ct. 1495, 1523 (2000).

[2] Although the district court's order is marked as "filed" on March 17, 2000, the district court's records show that it was entered on the docket sheet on March 20, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).