**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6654**

———————

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　Plaintiff - Appellee,

　　　　versus

MICHAEL J. SINDRAM,

　　　　　　　　　　　　　　　　　Defendant - Appellant.

———————

**No. 00-6949**

———————

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　Plaintiff - Appellee,

　　　　versus

MICHAEL J. SINDRAM,

　　　　　　　　　　　　　　　　　Defendant - Appellant.

———————

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  Herbert N. Maletz, Senior Judge, sitting
by designation.  (CA-96-111-DKC)

———————

Submitted:  September 20, 2000　　　Decided:  November 1, 2000

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael J. Sindram, Appellant Pro Se.  Tamera Lynn Fine, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Michael Joseph Sindram appeals district court orders denying his request to transfer the case to another district court, denying his request for stamped envelopes, serving upon him several Government filings, granting the United States' request for a writ of garnishment and ordering the Garnishee United States Postal Service to pay over to the United States funds and bonds seized during a search of Sindram's home, and denying his motion for clarification and modification and for recusal. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See United States v. Sindram, No. CR-96-111-DKC; CA-96-111-DKC (D. Md. May 1 & June 30 & July 13, 2000).[*] We deny Sindram's motions for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although two of the district court orders are marked as filed on April 28 and June 29, the district court's records show that the April 28 order was entered on the docket sheet on May 1 and the June 29 order was entered on the docket sheet on July 13. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the orders were entered on the docket sheet that we take as the effective dates of the district court's decisions. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).