**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-1506**

─────────────

EDWARD L. DUTTON,

Plaintiff - Appellant,

versus

MONTGOMERY COUNTY GOVERNMENT; MONTGOMERY
COUNTY POLICE DEPARTMENT; DANA WAYE; RICHARD
PAYNE; OFFICER POWELL; OFFICER BOYCE; ANNA
SANTORA, Montgomery County Social Worker;
ELAINE POMPEI; MONTGOMERY CNTY GOV, Pretrial
Services; SHARON NORTHROP TREXLER; LAURA
CHASE, Montgomery County Social Worker,

Defendants - Appellees,

and

WILLIAM H. MARTIN, JR.; WILLIAM W. SONDERVAN;
THOMAS H. WILLIAMS; MONTGOMERY COUNTY STATES
ATTORNEY GENERAL,

Defendants.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CA-
97-1797-DKC)

─────────────

Submitted: October 26, 2000          Decided: November 1, 2000

─────────────

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Edward L. Dutton, Appellant Pro Se.  Sharon Veronica Burrell, COUNTY ATTORNEY'S OFFICE, Rockville, Maryland; Shelly Eilene Mintz, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Dutton appeals the district court's orders in this civil rights action. The district court granted motions to dismiss for all defendants but Richard Payne. Following discovery, the district court granted Payne's motion for summary judgment. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Dutton v. Montgomery County Gov't, No. CA-97-1797-DKC (D. Md. Feb. 22, 1999[*] & Apr. 4, 2000). We have reviewed the issues raised by Dutton on appeal, and conclude that they do not entitle him to relief from the district court's rulings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as "filed" on February 22, 1999, the district court's records show that it was entered on the docket sheet on February 23, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3