**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

No. 00-1484

―――――――――――

GLENN M. PACE,

                                          Plaintiff - Appellant,

        versus

CITY OF TRAVELERS REST; MARY T. TURNER,
individually and in her official capacity as
acting city administrator for the City of
Travelers Rest; W. MANN BATSON; JOHN SPEARMAN;
LEWIS LOCKABY; PAT CRAIN; DEBBIE HUGHES,
individually,

                                          Defendants - Appellees.

―――――――――――

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Margaret B. Seymour, District Judge.
(CA-98-1769-6-24)

―――――――――――

Submitted:  November 9, 2000          Decided:  November 17, 2000

―――――――――――

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Harvey G. Sanders, Jr., Nancy Hyder Robinson, LEATHERWOOD, WALKER,
TODD & MANN, Greenville, South Carolina, for Appellant. R. Allison
Phinney, Micheal S. Pitts, OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., Greenville, South Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Glenn M. Pace appeals the district court's order granting summary judgment to the Defendants on his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint. We have reviewed the record and the district's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. See Pace v. City of Travelers Rest, No. CA-98-1769-6-24 (D.S.C. Apr. 3, 2000).[*] Additionally, although the district court did not expressly address this issue, we find that Pace failed to produce any evidence of an injury to his reputation of constitutional proportions. See Board of Regents v. Roth, 408 U.S. 564, 573-75 (1972). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as "filed" on March 30, 2000, the district court's records show that it was entered on the docket sheet on April 3, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).