**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-7144**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT APONTE NORTH,

Defendant - Appellant.

---

**No. 00-7273**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT APONTE NORTH,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-98-00327-A, CA-99-01749-A)

---

Submitted: December 12, 2000        Decided: December 27, 2000

---

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert Aponte North, Appellant Pro Se. William Edward Fitzpatrick, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. Local Rule 36(c).

PER CURIAM:

In these consolidated cases, Robert Aponte North seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000), and the court's order denying his post-trial motion under Fed. R. Civ. P.59(e). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, in No. 00-7144, we grant North's motion to submit declaration, deny North's motions for production of documents and for a certificate of appealability, and dismiss the appeal on the reasoning of the district court. United States v. North, Nos. CR-98-00327-A; CA-99-01749-A (E.D. Va. July 25, 2000).[*] In No. 00-7273, we have reviewed the district court's order denying the Rule 59(e) motion, and find no abuse of discretion. See Brown v. French, 147 F.3d 307, 310 (4th Cir. 1998). Therefore, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's judgment or order is marked as "filed" on July 24, 2000, the district court's record shows that it was entered on the docket sheet on July 25, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3