**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-6183

COREY LORENZO WOODFOLK, a/k/a
Big Corey,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-93-419-JFM, CA-97-3737-JFM)

Submitted: July 27, 1999

Decided: September 21, 1999

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Corey Lorenzo Woodfolk, Appellant Pro Se. Andrea L. Smith,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Corey Lorenzo Woodfolk seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. To the extent that Woodfolk challenges his attorney's performance regarding alleged corruption of the investigating officers, we find that counsel's error, if any, did not result in prejudice to Woodfolk; thus, Woodfolk cannot show ineffective assistance of counsel. See Strickland v. Washington , 466 U.S. 668, 691-96 (1984). Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. See United States v. Woodfolk, Nos. CR-93-419-JFM; CA-97-3737-JFM (D. Md. Jan. 22, 1999).[1] We note, however, that the judgment of conviction contains a clerical error. Although the judgment order accurately states that Woodfolk pled guilty to conspiracy to possess and distribute heroin, it incorrectly lists the violated statute as 21 U.S.C. § 841(a)(1) (1994). The applicable conspiracy statute is 21 U.S.C. § 846 (1994). We remand solely for correction of the clerical error. See Fed. R. Crim. P. 36.[2] We dispense with oral argument because the

_____

[1] Although the district court's order is marked as "filed" on January 21, 1999, the district court's records show that it was entered on the docket sheet on January 22, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] Despite the discrepancy between the judgment order and the substance of the conviction, Woodfolk's substantive rights are not impacted. As 21 U.S.C. § 846 (1994) states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." By statute, the sentence for a conviction under § 846 for conspiring to violate § 841(a)(1), is the same as one for a conviction under 21 U.S.C. § 841(a)(1) (1994).

2

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED AND REMANDED</u>

3