**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-6534**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERNARD KING, a/k/a Shaborn,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-94-163, CA-98-792-2)

---

Submitted: June 22, 1999     Decided: September 24, 1999

---

Before ERVIN,[*] WILKINS, and NIEMEYER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Cheryl Johns Sturm, Westtown, Pennsylvania, for Appellant. Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

[*] Judge Ervin participated in the consideration of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bernard King seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999) and his motion for reconsideration of that order. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. <u>See</u> <u>United States v. King</u>, Nos. CR-94-163; CA-98-792-2 (E.D. Va. Feb. 18, 1999; Apr. 1, 1999).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*] Although the district court's orders are marked as "filed" on February 17, 1999, and March 31, 1999, the district court's records show that the orders were entered on the docket sheet on February 18, 1999, and April 1, 1999, respectively. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).