**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 99-6512**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH NORLAND EIDSON; GENE WESLEY HARTSELL,

Defendants - Appellants.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert D. Potter, Senior District Judge.  (CR-93-186, CA-98-224-P, CA-98-225-P)

—————————

Submitted:  August 10, 1999       Decided:  September 24, 1999

—————————

Before ERVIN[*] and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Dale Stuart Morrison, Edward Anthony Fiorella, Jr., HARKEY, LAMBETH, NYSTROM, FIORELLA & MORRISON, L.L.P., Charlotte, North Carolina, for Appellants.  David Carlisle Shilton, Ellen J. Durkee, Noel Wise, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

—————————

[*] Judge Ervin participated in the consideration of this case but died prior to the time the decision was filed.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Keith Norland Eidson and Gene Wesley Hartsell seek to appeal the district court's orders denying their motions filed under 28 U.S.C.A. § 2255 (West Supp. 1999), and Fed. R. Civ. P. 59(e).  We have reviewed the record and the district court's opinions and find no reversible error.  Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.  See United States v. Eidson, Nos. CR-93-186; CA-98-224-P; CA-98-225-P (W.D.N.C. Jan. 20, 1999;[*] Feb. 23, 1999).  We deny the Government's motion for an extension of time to file a brief as moot and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on January 19, 1999, the district court's records show the order was entered on the docket sheet on January 20, 1999.  Pursuant to Fed. R. Civ. P. 58 and 79(a), we consider the date the order and judgment were entered as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2