UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 99-6709

---

DEJOUN R. JOHNSON,

Petitioner - Appellant,

versus

LONNIE M. SAUNDERS, Warden, Augusta Correc-
tional Center,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior
District Judge. (CA-99-162-A)

---

Submitted: September 30, 1999      Decided: October 6, 1999

---

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Dejoun R. Johnson, Appellant Pro Se. Mary Kathleen Beatty Martin,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dejoun R. Johnson seeks to appeal the district court's order dismissing as untimely his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999). On appeal, Johnson claims that he is entitled to relief because his attorney did not file a response to the Commonwealth's motion to dismiss. This claim is not cognizable because there is no right to the effective assistance of counsel in habeas proceedings. See Weeks v. Angelone, 176 F.3d 249, 273-74 (4th Cir. 1999) (noting that a claim of ineffective assistance of counsel in a state habeas proceeding does not merit federal habeas relief). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Johnson v. Saunders, No. CA-99-162-A (E.D. Va. May 5, 1999).[*] We deny Johnson's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on May 4, 1999, the district court's records show that it was entered on the docket sheet on May 5, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).