**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-6597**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT BARNWELL CLARKSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, Senior District Judge. (CR-94-10-P, CA-97-126-5-P)

———————

Submitted: September 8, 1999          Decided: October 22, 1999

———————

Before WIDENER, ERVIN,* and LUTTIG, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert Barnwell Clarkson, Appellant Pro Se. Michael Emile Karam, Alan Hechtkopf, Robert Esten Lindsay, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

* Judge Ervin was assigned to the panel in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert B. Clarkson seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999) and denying his motion for a new trial filed under Fed. R. Civ. P. 59.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.  See United States v. Clarkson, Nos. CR-94-10-P; CA-97-126-5-P (W.D.N.C. Oct. 14, 1998; Mar. 23, 1999).[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's orders are marked "filed" on October 8, 1998 and March 19, 1999 respectively, the court's record shows that the orders were entered on the docket sheet on October 14, 1998 and March 23, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the orders were entered on the docket sheet that we take as the effective date of the district court's orders.  Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).