**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-1749**

─────────────

JIMMY PRATT,

Plaintiff - Appellant,

versus

WALMER ENTERPRISES, INCORPORATED,

Defendant - Appellee.

─────────────

**No. 99-1880**

─────────────

JIMMY PRATT,

Plaintiff - Appellant,

versus

WALMER ENTERPRISES, INCORPORATED,

Defendant - Appellee.

─────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-98-1588-A)

─────────────

Submitted: October 21, 1999        Decided: October 26, 1999

Before WIDENER and TRAXLER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jimmy Pratt, Appellant Pro Se. Victor Michael Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jimmy Pratt appeals the district court's order granting summary judgment to Walmer Enterprises in Pratt's employment discrimination action and granting Defendant's motion for sanctions.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we affirm on the reasoning of the district court.  See Pratt v. Walmer Enterprises, No. CA-98-1588-A (E.D. Va. May 17 & June 23, 1999).[*]  Due to the sanctions imposed below and the fact that Pratt has neither filed numerous frivolous actions in the past nor ignored previous warnings by this court, we deny Walmer's motion for sanctions.  We warn Pratt, however, that any future attempt to challenge the district court's judgment may result in the imposition of sanctions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's orders are marked as "filed" on May 14 and June 22, 1999, the district court's records show that they were entered on the docket sheet on May 17 and June 23, 1999, respectively.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).