**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-1638**

_____

SARAH S. LYON,

Plaintiff - Appellant,

versus

FREDDIE MAC CORPORATION; ROBERT L. PARSON,
MAI, Director Collateral Quality Assurance;
LISA ROSS, Collateral Quality Assurance
Underwriter; CATHY MOORE, Human Resource
Development,

Defendants - Appellees.

_____

**No. 99-1834**

_____

SARAH S. LYON,

Plaintiff - Appellant,

versus

FREDDIE MAC CORPORATION; ROBERT L. PARSON,
MAI, Director Collateral Quality Assurance;
LISA ROSS, Collateral Quality Assurance
Underwriter; CATHY MOORE, Human Resource
Development,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-99-32-A)

Submitted: October 26, 1999          Decided: November 23, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sarah S. Lyon, Appellant Pro Se. Lance J. Wolf, FEDERAL HOME LOAN MORTGAGE CORPORATION, McLean, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 99-1638, Sarah Lyon appeals the district court's April 14, 1999[*] order granting the appellees' motion to dismiss in her civil action alleging various claims of discrimination in her employment. In No. 99-1834, Lyon appeals the district court's June 1, 1999 order granting the appellees' motion for summary judgment on other claims concerning her life insurance benefits. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we affirm both orders on the reasoning of the district court. See Lyon v. Federal Home Loan Mortgage Corp., No. CA-99-32-A (E.D. Va. Apr. 14 & June 1, 1999). We deny Lyon's motions for appointment of counsel and for the court to take judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's orders are marked as "filed" on April 12 and May 28, 1999, the district court's records show that they were entered on the docket sheet on April 14 and June 1, 1999. It is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).