**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6702

MUREL HOLLAND,

Plaintiff - Appellant,

versus

MICHAEL S. BRUCE, Officer, CO II; MARSHA
GRIFFIN, Officer, CO II; TODD ALEXANDER,
Officer, CO II,

Defendants - Appellees,

and

RICHARD A. LANHAM, SR.; EUGENE M. NUTH,
Warden; CAPTAIN LOCKLEAR, CO V; LIEUTENANT
AULU, CO V; STUART H. SHAPIRO, M.D.; JEAN
SNYDER; PATRICIA WRIGHT, Doctor, M.D.; MARCIA
L. UPDIKE, Physician Assistant; MARVIN BRUCE,
Physician Assistant,

Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, District Judge.
(CA-96-1745-WMN)

Submitted: November 30, 1999      Decided: December 10, 1999

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Murel Holland, Appellant Pro Se.  John Joseph Curran, Jr., Attorney General, Stephanie Judith Lane-Weber, Assistant Attorney General, Glen T. Marrow, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

––––––––––––

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Murel Holland appeals the district court's order granting judgment as a matter of law to Defendants in his 42 U.S.C.A. § 1983 (West Supp. 1999) action on the basis that the pain and/or injury Holland suffered was de minimis and therefore insufficient to sustain a viable claim.

We review a district court's grant of judgment as a matter of law de novo. See Scheduled Airlines Traffic Offices, Inc. v. Objective Inc., 180 F.3d 583, 588 (4th Cir. 1999). On review, the facts are viewed and inferences are drawn in a light most favorable to the nonmoving party. See Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995). We have reviewed the record in light of the relevant case law and find no reversible error. Accordingly, we affirm the district court's order. See Holland v. Lanham No. CA-96-1745-WMN (D. Md. May 5, 1999).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Although the district court's order of judgment is marked as "filed" on May 4, 1999, the district court's records show that it was entered on the docket sheet on May 5, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).