**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 99-6973**

─────────

NICHOLAS WARNER JONES,

Plaintiff - Appellant,

versus

R. TANNER, Lieutenant, C.O., IV; KEVIN K.
SMITH, Captain; S. GAITHER, Each above Mary-
land State Division of Correction Officer is
sued in his official capacity and individual
capacity,

Defendants - Appellees.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-99-
688-L)

─────────

Submitted: November 23, 1999      Decided: January 7, 2000

─────────

Before WILKINS and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

─────────

Nicholas Warner Jones, Appellant Pro Se.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicholas Warner Jones sought a temporary restraining order asking that his March 1999 disciplinary conviction for fighting with another prisoner be reversed and that he be transferred to a facility in another jurisdiction. He now appeals the district court's denial of his motion.

To the extent that Jones appeals from the court's denial of a temporary restraining order, that order is not appealable. See Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir. 1976). To the extent that Jones appeals the denial of injunctive relief, we have reviewed the record and the district court's opinion denying preliminary injunctive relief and find no abuse of discretion. See Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812-13 (4th Cir. 1991). Accordingly, we affirm the denial of injunctive relief on the reasoning of the district court. See Jones v. Tanner, No. CA-99-688-L (D. Md. July 15, 1999).[*] We dispense with oral argument because the facts and legal contentions are

---

[*] Although the district court's is marked as "filed" on July 13, 1999, the district court's records show that it was entered on the docket sheet on July 15, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND DISMISSED IN PART</u>