**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-7130

TOMMY LEE SUBER,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee,

and

CARLOS ASENCIO; STEPHEN DEWALT, Warden;
SUHASINI SHAH; UNITED STATES DEPARTMENT OF
JUSTICE,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-98-754)

Submitted: January 20, 2000        Decided: January 28, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tommy Lee Suber, Appellant Pro Se. Thomas Mercer Ray, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).


PER CURIAM:

Tommie Lee Suber appeals the district court's order dismissing with prejudice his claims brought under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U. S. 388 (1971), and dismissing without prejudice claims brought under the Federal Torts Claim Act (FTCA) for failure to exhaust administrative remedies.[1] We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Suber v. United States</u>, No. CA-98-754 (E.D. Va. Aug. 13, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[1] Although Suber filed his complaint under <u>Bivens</u>, the district court properly construed Suber's tort claims under the FTCA.

[2] Although the district court's order is marked as "filed" on August 12, 1999, the district court's records show that it was entered on the docket sheet on August 13, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).