**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 00-6029**

―――――――――

PLUMMER JOHNSON,

                                        Plaintiff - Appellant,

        versus

L. EDWARDS, Warden; R. A. FARMER, Captain; G.
SCOTT, Counselor; DISCIPLINARY APPEALS UNIT,

                                        Defendants - Appellees.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge.
(CA-99-1729)

―――――――――

Submitted:  February 24, 2000          Decided:  March 3, 2000

―――――――――

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Plummer Johnson, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plummer Johnson appeals the district court's order denying relief without prejudice on his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint. We have reviewed the record and the district court's opinion and find no reversible error.[1] Accordingly, we affirm on the reasoning of the district court. See Johnson v. Edwards, No. CA-99-1729 (E.D. Va. Dec. 15, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] Johnson's informal brief recites the same facts as his complaint in the district court but emphasizes his claims of denial of equal protection and violation of his First Amendment rights. To the extent that these claims were not fully addressed by the district court, we conclude they provide no basis for relief.

[2] Although the district court's order is marked as "filed" on December 14, 1999, the district court's records show that it was entered on the docket sheet on December 15, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2