**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-7678**

---

AMIL ALFRED DINSIO, SR.,

                              Plaintiff - Appellant,

        versus

FRANK G. JOHNS; CARL HORN, Magistrate Judge;
MARK T. CALLOWAY; GEORGE V. LAUGHRUN, II;
ROBERT POTTER, Judge,

                              Defendants - Appellees.

---

Appeal from the United States District Court for the Western Dis-
trict of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CA-97-596-3-3MU)

---

Submitted:  February 24, 2000        Decided:  March 3, 2000

---

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit
Judge.

---

Dismissed by unpublished per curiam opinion.

---

Amil Alfred Dinsio, Sr., Appellant Pro Se.  George Vernon Laughrun,
II, GOODMAN, CARR, NIXON & LAUGHRUN, Charlotte, Noarth Carolina,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Amil Alfred Dinsio, Sr., a federal inmate, appeals the district court's order denying relief on his civil rights complaint under 28 U.S.C.A. § 1915A(b)(1) (West Supp. 1999), and imposing a prefiling injunction and the order denying his motion filed under Fed. R. Civ. P. 59(e). We have reviewed the record and the district court's orders and find that this appeal is frivolous. Accordingly, we dismiss the appeal on the reasoning of the district court. See Dinsio v. Johns, No. CA-97-596-3-3MU (W.D.N.C. Jan. 19 & Sept. 23, 1999).[*] We deny Dinsio's "Motion for the Court to remove itself from Hearing this Appeal" and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's orders are marked as "filed" on January 15 and September 22, 1999, the district court's records show that the orders were entered on the docket sheet on January 19 and September 23, 1999, respectively. Pursuant to Fed. R. Civ. P. 58 and 79(a), we consider the date the orders were entered on the docket sheet as the effective date of the district court's decisions. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).