**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-6246**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

KEVIN HOWELL, a/k/a William Anthony Johnson,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Frank W. Bullock, Jr., District Judge.  (CR-94-20, CA-99-1083-1)

─────────────

Submitted:  April 27, 2000            Decided:  May 3, 2000

─────────────

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Kevin Howell, Appellant Pro Se.  Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Howell seeks to appeal the district court's order construing and dismissing his "petition for the issuance of a writ of error coram nobis" as a second or successive motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Howell, Nos. CR-94-20; CA-99-1083-1 (M.D.N.C. Jan. 28, 2000).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on January 27, 2000, the district court's records show that it was entered on the docket sheet on January 28, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).