**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-2412**

———————

MING-CHIANG LI,

                                            Plaintiff - Appellant,

     versus

JOHN H. DALTON, as an individual in his offi-
cial capabilities as the Secretary for Depart-
ment of the Navy; JOHN A. MONTGOMERY; HERBERT
W. ZWACK; FRANCIS J. KLEMM; JANET R. DESCHAK;
JANET C. HEATER, as individuals in their offi-
cial and individual capacities; DEPARTMENT OF
THE NAVY,

                                       Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(CA-97-3651-AW)

———————

Submitted: March 20, 2000            Decided: May 12, 2000

———————

Before WIDENER and WILKINS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Ming-Chiang Li, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Albert David Copperthite, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ming-Chiang Li appeals the district court's order granting summary judgment to representatives of his prior employer, the Department of the Navy, and dismissing his employment discrimination complaint. We have reviewed the record and the district court's memorandum opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See <u>Li v. Dalton</u>, No. CA-97-3651-AW (D. Md. July 28, 1999).[*] We deny Appellees' motion to dismiss and Li's motion on scheduling. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Although the district court's order is marked as "filed" on July 27, 1999, the district court's records show that it was marked as entered on the docket sheet on July 28, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2