**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 00-6300**

_____

JOHN HENRY VANFLEET,

                               Plaintiff - Appellant,

        versus


B. COLEMAN, Corporal/Corrections Officer; COR-
PORAL JONES, Corporal/Correctional Officer,

                               Defendants - Appellees.



_____

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.
(CA-99-2107-2)

_____

Submitted:  May 11, 2000          Decided:  May 16, 2000

_____

Before MURNAGHAN, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Henry Vanfleet, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Henry Vanfleet appeals from the district court's order dismissing his 42 U.S.C.A. § 1983 action without prejudice for his failure to comply with the court's order to provide a copy of his complaint for service on Appellees.[1] We have reviewed the record, find no reversible error, and affirm on the reasoning of the district court. See Vanfleet v. Coleman, No. CA-99-2107-2 (E.D. Va. Feb. 18, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] Although a dismissal without prejudice is ordinarily not an appealable order, see Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993), the applicable two year statute of limitations period has passed. See Va. Code Ann. § 8.01-243(A) (Michie 1992). Thus, the order is effectively a final order.

[2] Although the district court's order is marked as "filed" on February 17, 2000, the district court's records show that it was entered on the docket sheet on February 18, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).