**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6448**

---

JAMISON H. JOHNSON,

Petitioner - Appellant,

versus

MICHAEL STOUFFER, Warden; ATTORNEY GENERAL FOR
THE STATE OF MARYLAND,

Respondents - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, District Judge. (CA-99-
3466-MJG)

---

Submitted:  May 11, 2000          Decided:  May 18, 2000

---

Before MURNAGHAN, LUTTIG, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Jamison H. Johnson, Appellant Pro Se.  John Joseph Curran, Jr.,
Attorney General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL
OF MARYLAND, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jamison H. Johnson seeks to appeal the district court's orders denying relief on his petition filed under 28 U.S.C.A. § 2254 (West Supp. 1999) and denying his motion for reconsideration. We have reviewed the record and the district court's opinion and find no reversible error.[1] Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See <u>Johnson v. Stouffer</u>, No. CA-99-3466-MJG (D. Md. Feb. 15 & Mar. 6, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[1] We note that the district court miscalculated the number of days Johnson had remaining to file his federal petition. Instead of 27 days, Johnson actually had 57 days left. However, because Johnson did not submit his § 2254 petition until 62 days after his state petition was denied, it was still untimely.

[2] Although the district court's order denying Johnson's motion for reconsideration is marked as "filed" on March 3, 2000, the district court's records show that it was entered on the docket sheet on March 6, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).