**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-2452**

———————

GARRETT H. BREWSTER, JR.; ALICE BREWSTER,

                          Plaintiffs - Appellants,

        versus

USX CORPORATION; UNITED STATES STEEL PENSION
PLAN,

                          Defendants - Appellees.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, District Judge.  (CA-98-154)

———————

Submitted:  June 20, 2000              Decided:  July 6, 2000

———————

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. W. Feuchtenberger, FEUCHTENBERGER & BARRINGER LEGAL CORPORATION, Princeton, West Virginia, for Appellants.  Michael W. Carey, CAREY, SCOTT, DOUGLAS, P.L.L.C., Charleston, West Virginia; Pamela C. Deem, ALLEN GUTHRIE & MCHUGH, Charleston, West Virginia; Mary Beth Taylor, USX CORPORATION, Pittsburgh, Pennsylvania, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Garrett H. Brewster, Jr., and Alice Brewster appeal the district court's grant of summary judgment to USX Corporation and United States Steel Pension Plan and dismissal of the complaint arising under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) (1994).  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we affirm on the reasoning of the district court.  See Brewster v. USX Corp. No. CA-98-154 (S.D.W. Va. Oct. 15, 1999).*  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

* Although the district court's judgment order was marked as "filed" on October 14, 1999, the district court's records show that it was entered on the docket sheet on October 15, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).