**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 00-6193**

_____

RAYMOND E. BANKS,

Petitioner - Appellant,

versus

RONALD J. ANGELONE, Director of the Virginia
Department of Corrections,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.
(CA-99-174-2)

_____

Submitted:  July 13, 2000          Decided:  July 21, 2000

_____

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Raymond E. Banks, Appellant Pro Se.  Robert H. Anderson, III,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Raymond E. Banks seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error.[1] Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. See Banks v. Angelone, No. CA-99-174-2 (E.D. Va. Jan. 20, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1] Although the district court relied upon Green v. French, 143 F.3d 865 (4th Cir. 1998), cert. denied, 523 U.S. 1090 (1999), the denial of relief under 28 U.S.C.A. § 2254 was also correct under the standards announced in Williams v. Taylor, ___ U.S. ___, 120 S. Ct. 1495, 1523 (2000).

[2] Although the district court's order is marked as "filed" on January 14, 2000, the district court's records show that it was entered on the docket sheet on January 20, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2