<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 00-6482

---

JERRY LEE JENKINS,

Petitioner - Appellant,

versus

THOMAS R. CORCORAN, Warden, M.H.C.; JOSEPH
CURRAN, Attorney General of the State of
Maryland,

Respondents - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Deborah K. Chasanow, District Judge. (CA-
98-2409)

---

Submitted: August 24, 2000          Decided: August 30, 2000

---

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Mark Lawrence Gitomer, THE LAW OFFICE OF MARK GITOMER, Baltimore,
Maryland, for Appellant. John Joseph Curran, Jr., Attorney Gen-
eral, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,
Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerry Lee Jenkins seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000), and a subsequent order denying his motion for reconsideration construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). We have reviewed the record and the district court's opinion and orders and find no reversible error.[1] Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Jenkins v. Corcoran, No. CA-98-2409 (D. Md. Aug. 6, 1999 & Mar. 9, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1] Although the district relied upon Green v. French, 143 F.3d 865 (4th Cir. 1998), cert. denied, 523 U.S. 1090 (1999), in its initial denial of Jenkins' § 2254 petition, the denial of relief was also correct under the standards announced in Williams v. Taylor, ___ U.S. ___, 120 S. Ct. 1495, 1523 (2000).

[2] Although the district court's orders are marked as "filed" on August 5, 1999 and March 8, 2000, the district court's records show that they were entered on the docket sheet on August 6, 1999 and March 9, 2000, respectively. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).