**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6233**

---

TONY D. LANKFORD,

                                        Petitioner - Appellant,

        versus

RONALD J. ANGELONE, Director, Department of
Corrections,

                                        Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (CA-99-1436-AM)

---

Submitted:  June 27, 2000          Decided:  September 12, 2000

---

Before MURNAGHAN,* NIEMEYER, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Tony D. Lankford, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

  * Judge Murnaghan participated in the consideration of this case, but died prior to the time the decision was filed.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Tony D. Lankford appeals the district court's order dismissing his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) without prejudice for failure to comply with a district court order to submit a $5 filing fee or seek leave to proceed in forma pauperis. See Fed. R. Civ. P. 41(b). Finding no abuse of discretion in the district court's dismissal, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Lankford v. Angelone, No. CA-99-1436-AM (E.D. Va. Jan. 12, 2000).[*] We note, however, that Lankford may be able to file a Fed. R. Civ. P. 60(b) motion in the district court, in which he may offer proof of excusable neglect for failing to timely comply with the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is signed and date stamped on January 10, 2000, the district court's records show that it was entered on the docket sheet on January 12, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).