**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7358**

———————

UNITED STATES OF AMERICA,

                            Plaintiff - Appellee,

        versus

AARON HEADSPETH,

                            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Alexander Harvey II, Senior District Judge.
(CR-87-42, CA-99-1252)

———————

Submitted:  August 29, 2000      Decided:  September 14, 2000

———————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Aaron Headspeth, Appellant Pro Se.  Richard Charles Kay, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Aaron Headspeth appeals the district court's order construing his coram nobis petition as a motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000) and denying it as time-barred. We hold that the decision to treat the petition as a § 2255 motion was proper, for the reasons given by the district court. See United States v. Headspeth, Nos. CR-87-42; CA-99-1252 (D. Md. Sept. 15, 1999).[1] We further hold that the court lacked jurisdiction to consider the § 2255 motion, because Headspeth filed a § 2255 motion in 1989 and this Court has not authorized him to file a second motion. Thus, the district court's decision to dismiss the case was correct (albeit not for the reasons stated). Accordingly, we deny a certificate of appealability and dismiss this appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1] Although the district court's order is marked as "filed" on September 14, 1999, the district court's records show that it was entered on the docket sheet on September 15, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] We have not considered, and express no view, as to whether Headspeth may pursue his claim by filing a petition pursuant to 28 U.S.C. § 2241 (1994) in the district in which he is presently incarcerated. See In re Jones, ___ F.3d ___, 2000 WL 994319, at *4 (4th Cir. July 18, 2000).

2