**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD D. CROSLAND,
Plaintiff-Appellant,

v.

LOUIS CALDERA, Secretary of the
Army,
Defendant-Appellee.

No. 00-1325

AYAAD ASSAAD,
Plaintiff-Appellant,

v.

LOUIS CALDERA, Secretary of the
Army,
Defendant-Appellee.

No. 00-1536

KULTHOUM A. MEREISH,
Plaintiff-Appellant,

v.

LOUIS CALDERA, Secretary of the
Army,
Defendant-Appellee.

No. 00-1551

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-99-2280-L, CA-98-3828-L, CA-98-1696-L)

Submitted: September 29, 2000

Decided: October 13, 2000

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

Rosemary A. McDermott, Thurmont, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Drs. Richard D. Crosland, Ayaad Assaad, and Kulthoum A. Mereish were terminated from their employment with the United States Army Medical Research Institute of Infectious Diseases ("USAMRIID") as part of a 1997 reduction in force. In separate suits, Dr. Crosland alleged that he was terminated from his employment on the basis of age, Dr. Assaad alleged that he was terminated because of his age, race, and national origin, and Dr. Mereish alleged that she was terminated because of age and national origin. In a series of orders, the district court granted summary judgment to the Army on these claims made under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act. On appeal, these actions were consolidated. For the reasons that follow, we affirm in part, and vacate and remand in part.

2

With respect to the district court's order dismissing Dr. Assaad's claims of race and national origin discrimination, we affirm on the reasoning of the district court. See Assaad v. Caldera, No. L-98-3828 (D. Md. Oct. 1, 1999).[1] Likewise, we affirm the district court's order dismissing Dr. Mereish's claims of employment discrimination because of her national origin. Mereish v. Caldera, No. L-98-1696 (D. Md. Oct. 1, 1999).[2]

However, with respect to the district court's orders dismissing each Appellants' claim that they were terminated because of their age, see Crosland v. Caldera, No. L-99-2280 (D. Md. Feb. 15, 2000);[3] Assaad v. Caldera, No. L-98-3828 (D. Md. Apr. 13, 2000);[4] Mereish v. Caldera, No. L-98-1696 (D. Md. Apr. 13, 2000),[5] we vacate and remand. We vacate and remand because the district court relied upon this Circuit's "pretext-plus" case law, which has since been rejected by the Supreme Court. Under this theory, where a plaintiff has already established a prima facie case of discrimination and the employer has advanced an alleged legitimate nondiscriminatory reason for its action, a plaintiff, in order to prevail, must show both that the employer's nondiscriminatory reason was pretextual and that the real

_____

[1] Although the district court's order is marked as "filed" on September 29, 1999, the district court's records show that it was entered on the docket sheet on October 1, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray , 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] Although the district court's order is marked as "filed" on September 29, 1999, the district court's records show that it was entered on the docket sheet on October 1, 1999. See note 1.

[3] Although the district court's order is marked as "filed" on February 14, 2000, the district court's records show that it was entered on the docket sheet on February 15, 2000. See note 1.

[4] Although the district court's order is marked as "filed" on April 12, 2000, the district court's records show that it was entered on the docket sheet on April 13, 2000. See note 1.

[5] Although the district court's order is marked as "filed" on April 12, 2000, the district court's records show that it was entered on the docket sheet on April 13, 2000. See note 1.

reason that for the employment action was illegal discrimination. <u>See</u> <u>Vaughan v. MetraHealth Cos. Inc.</u>, 145 F.3d 197, 201 (4th Cir. 1998); <u>Theard v. Glaxo, Inc.</u>, 47 F.3d 676 (4th Cir. 1995). That is, the plaintiff must show that the employer's reason was pretextual, plus something additional. In the case of each of these Appellants, the district court relied upon this "pretext-plus" case law to grant summary judgment to the Army on their age discrimination claims. <u>See Crosland v. Caldera</u>, No. L-99-2280 (D. Md. Feb. 15, 2000); <u>Assaad v. Caldera</u>, No. L-98-3828 (D. Md. Apr. 13, 2000); <u>Mereish v. Caldera</u>, No. L-98-1696 (D. Md. Apr. 13, 2000).

Following the district court's orders granting summary judgment in favor of the employer, however, the Supreme Court rejected the "pretext-plus" approach. <u>See Reeves v. Sanderson Plumbing Prods., Inc.</u>, ___ U.S. ___, 120 S. Ct. 2097, 2108 (2000). Under <u>Reeves</u> a plaintiff may prevail by only showing that the employer's proffered reason for its action was pretextual because such a showing "is simply one form of circumstantial evidence that is probative of intentional discrimination." <u>Reeves</u>, 120 S. Ct. at 2108. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." <u>Id.</u> at 2109.

Although we express no opinion on the merits of the Appellants' age claims, we vacate and remand for the district court to reconsider its orders in light of <u>Reeves</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

<u>AFFIRMED IN PART AND</u>
<u>VACATED AND REMANDED IN PART</u>

4