**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6408**

———————

AARON LAMONT BARNES,

                                        Petitioner - Appellant,

        versus

JAMES S. GILMORE,

                                        Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (CA-98-703)

———————

Submitted:  October 26, 2000          Decided:  November 1, 2000

———————

Before WIDENER, MICHAEL, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Aaron Lamont Barnes, Appellant Pro Se.  Hazel Elizabeth Shaffer, Assistant Attorney General, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Lamont Barnes seeks to appeal the district court's order denying his motion filed pursuant to Fed. R. Civ. P. 60(b). We have reviewed the record and the district court's opinion and find no abuse of discretion. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Barnes v. Gilmore, No. CA-98-703 (E.D. Va. Feb. 15, 2000).[*] Because this appeal is from "a final order in a habeas corpus proceeding," we deny Barnes' motion to correct the record on appeal. See 28 U.S.C.A. § 2253 (West Supp. 2000) (requiring certificate of appealability); Fed. R. App. P. 22(b). We also deny Barnes' motion to consolidate this appeal with Appeal Number 00-7342. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on February 10, 2000, the district court's records show that it was entered on the docket sheet on February 15, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).